### DAVIS v. BROWN.

(Circuit Court, S. D. Ohio, W. D. May, 1900.)

POSTMASTERS—NONMAILABLE MATTER—SUIT TO COMPEL ACCEPTANCE.

> Act Sept. 26, 1888 (25 Stat. 496) § 1, declaring certain matter to be nonmailable, and vesting the postmaster general with power to exclude it from the mails, by reasonable implication also vests him with authority to determine what matter is nonmailable thereunder; and the courts cannot review his action in that regard unless he acts maliciously or fraudulently or exceeds his authority. Hence, in a suit to compel a postmaster to accept for transmission through the mails matter inclosed in certain envelopes, an answer setting up as a defense an order from the postmaster general directing the defendant to decline to accept such envelopes, on the ground that they contained matter printed thereon which rendered them nonmailable under the statute, is not evasive, but is responsive to the bill; it being the defendant's duty to obey such order.

In Equity. Suit to compel defendant, as postmaster, to accept for mailing matter inclosed in certain envelopes. On exceptions to answer.

J. Hartwell Cabell, for plaintiff.
Wm. E. Bundy, U. S. Dist. Atty., for defendant.

THOMPSON, District Judge. The bill in this case sets forth, in substance, that the complainant is engaged in business in Cincinnati,

Ohio, under the name and style, "The National Collecting Company"; that said business consists in collecting accounts and claims, reducing the same to judgment, and furnishing reports of mercantile responsibility in answer to requests from his clients and customers; that in the course of his said business he sends by mail large numbers of letters to clients, attorneys, and other persons to all parts of the United States, and that many of said letters contain valuable papers and checks; that the defendant is postmaster at Cincinnati, and as such arbitrarily and wrongfully refuses to place in the mails for transmission certain sealed letters addressed by the complainant to his various clients and correspondents, upon the pretended ground that the envelopes in which said letters are sealed have an unlawful card printed thereon. Samples of the envelopes are attached to the petition as exhibits. The card is in the following words: "National Collecting Company, 11 East Fourth street, St. Paul Building, Cincinnati, Ohio." The words "National Collecting Company" are printed in letters about one-fifth of an inch in length, the other words being in much smaller type. Upon some of the envelopes the card is printed in red ink, and on others in black ink. A demurrer was interposed to the bill upon the ground that it "does not state facts sufficient to constitute a cause of action, or to warrant granting the relief asked for." The demurrer was heard at the April term, 1899, and it was claimed in support of the demurrer that the cards or printed matter upon the envelopes are of a character obviously intended to reflect injuriously upon the character or conduct of others; but the court, being unable to say, upon examination of the exhibits, that the printed matter thereon was of the character alleged, overruled the demurrer. Afterwards the defendant answered. The answer contains two defenses. In the first defense the defendant justifies his action under an order of the first assistant postmaster general, of which the following is a copy:

"CDA 12,924.

"Postoffice Department.

"First Assistant Postmaster General, Division of Correspondence, Washington. J. R. A.

"October 25, 1898.

"Postmaster, Cincinnati, Ohio—Sir: Inclosed herewith you will find an envelope mailed at your office by the National Collecting Company. The card upon the envelope is unmailable, under the act of congress approved September 26, 1888, as construed by the department, and you are directed to decline to accept for mailing envelopes bearing such cards. Please return the inclosure to this office for its files.

"Very respectfully,                    Perry S. Heath,
                         "First Assistant Postmaster General."

The second defense, in substance, repeats the assignments of the demurrer.

The complainant excepts to the first defense of the answer, as evasive and insufficient. The cause is now submitted to the court on this exception to the answer. The defense excepted to denies the jurisdiction of the court to review the action of the postoffice department. The complainant is not deprived of the use of the mails. The postoffice department does not seek to deprive him of the use of the

mails, but only to regulate the use consistently with the department's construction of section 1 of the act of congress of September 26, 1888 (25 Stat. 496). That act provides:

"That all matter otherwise mailable by law, upon the envelope or outside cover or wrapper of which * * * any delineations, * * * calculated by the terms or manner or style of display and obviously intended to reflect injuriously upon the character or conduct of another may be * * * printed * * * are hereby declared non-mailable matter, and shall not be conveyed in the mails nor delivered from any postoffice, nor by any letter carrier, and shall be withdrawn from the mails under such regulations as the postmaster-general shall prescribe."

This law vests the postmaster general with power to exclude non-mailable matter from the mails, and, by reasonable implication, with authority to determine what matter is nonmailable; and the courts cannot review his action unless he acts maliciously or fraudulently or exceeds his authority. It was the duty of the defendant to obey the order of the department, and in doing so he did not act arbitrarily or wrongfully. The first defense of the answer is not evasive and it is sufficiently responsive to the allegations of the bill, and the exceptions, therefore, will be overruled. Association v. Zumstein, 15 C. C. A. 153, 67 Fed. 1000; Hoover v. McChesney (C. C.) 81 Fed. 472; Dauphin v. Key, MacArthur & M. 203.